UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PATRICK CUNNINGHAM,

        Plaintiff,

v.

                                    Case No. 4:06-cv-00563-SPM-WCS

RAMPAGE SPORT FISHING YACHTS, and
YANMAR AMERICA CORPORATION,

        Defendants.

_____/

## DEFENDANT RAMPAGE SPORT FISHING YACHTS' MOTION TO STRIKE PLAINTIFF'S EMERGENCY MOTION FOR RECONSIDERATION, AND NOTICE OF OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR RECONSIDERATION

NOW COMES Defendant, Rampage Sport Fishing Yachts (hereinafter "Rampage"), by and through its undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, who does hereby file this, its Motion to Strike Emergency Motion for Reconsideration, and Notice of Opposition to Plaintiff's Emergency Motion for Reconsideration, and in support thereof does state:

1.)     This matter was filed by the Plaintiff in Florida State Court on November 8, 2006 and was removed to this Court by the Defendant on December 8, 2006.

2.)     On October 1, 2007 the Defendant filed a Motion for Summary Judgment relative in large part to the Plaintiff's failure to provide any evidence that the Defendant was responsible for the complaints with his boat.

3.)     In response, the Plaintiff sought to amend his complaint to add an additional party to the action. This was the Plaintiff's fifth version of the Complaint in

1

this matter (for history of pleadings see Defendant's Notice of Opposition to Plaintiff's Motion for leave to File Third Amended Complaint filed on October 12, 2007).

4.)     The Plaintiff's Motion to Amend was filed past the deadline for amending pleadings, and a bare five weeks before trial was scheduled to commence.

5.)     Despite the Plaintiff's lack of diligence, October 17, 2007 he was allowed to amend his pleadings in this matter.

6.)     The Plaintiff did not move after that time to diligently prosecute his case – it took over a month for him to have a summons issued by the Clerk.

7.)     Subsequent to that time, the Plaintiff apparently took no action to have that summons served on the new defendant.

8.)     On April 3, 2008 the Court issued an Order to Show Cause why the case should not be dismissed for lack of prosecution.

9.)     The Court ordered the Plaintiff to make such good cause showing within 15 days of the date of the Order, or to risk dismissal of the action.

10.)    The Plaintiff failed to respond to the Court's Order, and on April 28, 2008 the Defendant filed a Motion to Quash Alias Summons, and Motion to Dismiss which set out in detail the Plaintiff's consistent pattern of delay and lack of diligence in this matter.

11.)    On April 28, 2008 the Court entered an Order of Dismissal, which dismissed the Plaintiff's case with prejudice.

12.)    Subsequently, on April 30, 2008 the Clerk of the Court entered a Judgment in favor of the Defendant, and an order of costs in favor of the Defendant.

13.)     On May 8, 2008 the Defendant filed a Notice of Application to have Costs Taxed.

14.)     The Plaintiff did not reply to that Notice.

15.)     On May 9, 2008 the Defendant filed a Motion for Attorney's Fees.

16.)     The Plaintiff did not respond to that Motion.

17.)     The Plaintiff's Emergency Motion for Reconsideration was not timely-filed under Federal Rule of Civil Procedure 59(e), and to that extent it should be stricken.

18.)     The Plaintiff has failed to demonstrate that he is entitled to relief under Federal Rule of Civil Procedure 60(b), and to that extent his Motion should be denied.

WHEREFORE, the Defendant respectfully requests that the Court enter an Order striking the Plaintiff's Motion to the extent that it is filed under Rule 59(e), and denying the Motion to the extent that it is filed under Rule 60(b).

### *Memorandum of Law*

"A motion for reconsideration made after final judgment falls within the ambit of either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief from judgment or order)." Region 8 Forest Service Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993). As described in Burger King Corp. v. Ashland Equities, Inc., 181 F.Supp.2d 1366, 1369 (S.D.Fla. 2002), "The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Z.K. Marine Inc. v. M/V Archigetis, 808 F.Supp. 1561, 1563 (S.D.Fla.1992). In particular, there are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new

evidence; and (3) the need to correct clear error or prevent manifest injustice. See Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc., 62 F.Supp.2d 1316, 1331 (M.D.Fla.1999); See also Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D.Fla.1994). In order to reconsider a judgment there must be a reason why the court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Sussman, 153 F.R.D. at 694. A "motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." Z.K. Marine Inc., 808 F.Supp. at 1563. Instead, a motion for reconsideration is appropriate where the "Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension ....Such problems rarely arise and the motion to reconsider should be equally rare." Z.K. Marine Inc., 808 F.Supp. at 1563 (citing Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va.1983); Moog, Inc. v. United States, No. 90-215E, 1991 WL 255371, at *1, 1991 U.S. Dist. Lexis 17348, at *2 (W.D.N.Y. Nov.21, 1991)).

Federal Rule of Civil Procedure 59(e) allows a party to file a Motion to Alter or Amend a Judgment "no later than 10 days after the entry of the judgment." The timeline is considered jurisdictional, and a Motion filed under Rule 59(e) outside of that time period cannot be considered. Dresdner Bank AG v. M/V OLYMPIA VOYAGER, 465 F.3d 1267 (11th Cir. 2006).

Federal Rule of Civil Procedure 60(b) states that "on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or

proceeding for the following reasons," and goes on to list a number of items.  The Rule requires that such a Motion be made "within a reasonable time."  Subsection (b)(1) of that Rule relates to "mistake, inadvertence, surprise, or excusable neglect."  Subsection (b)(6) allows for "any other reasons that justif[y] relief."  The other subsections of the Rule are not even arguably applicable in this matter.

It has been held that an attorney's negligent failure to respond to a motion does not amount to excusable neglect under Rule 60(b)(1).  <u>Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Systems, Inc.</u> 803 F.2d 1130 (11th Cir. 1986). Under Rule 60(b)(6) relief should be afforded only in "exceptional circumstances," and not when the prayer for relief is premised on one of the other factors enumerated in the Rule. <u>Liljeberg v. Health Services Acquisition Corp.</u> 486 U.S. 847 (1988).  Further, an attempt to make attorney negligence an extraordinary circumstance warranting relief under Rule 60(b)(6) is not permitted.  <u>S.E.C. v. Simmons,</u> 241 Fed.Appx. 660 (11th Cir. 2007).

### *Analysis*

If the Plaintiff's Motion is to be construed as a Motion under Rule 59(e) it is untimely, and cannot be considered at this point.  The Judgment in this matter was entered on April 30, 2008 and the motion was not filed until nearly a month after that – well after the 10 day time limit had been reached.

To be considered, then, the Plaintiff's Motion must be construed to have been filed under Rule 60(b)[1].  Two sections of Rule 60(b) could conceivably have

---

[1] It is difficult to ascertain which Rule the Plaintiff intended to file the Motion under, because he has cited to no Federal Rule of Civil Procedure in support of his motion.

applicability in this matter.   The first is the section which relates to "mistake, inadvertence, surprise, or excusable neglect."   In his Motion the Plaintiff cites to an "administrative issue" as the reason why he failed to have the third-party defendant served with the complaint for a period of many months.   The "administrative issue" is not identified in any way, there is no concrete explanation for the failure to serve the third-party defendant, and there is no substantive basis whatsoever which is included which could even conceivably justify relief.   The Plaintiff goes on to cite to the same "administrative issue" as the reason why he failed to respond to the Court's Order to Show Cause.   Again, the Plaintiff does even attempt to set out any factual basis for his claim that relief should be granted, and instead refers only to the vague "administrative issue."   Assuming, arguendo, that the Plaintiff intended to seek relief under subsection (b)(1), he has failed entirely to demonstrate that any *excusable* neglect has occurred. While certainly neglect was present in his failure to serve the third-party defendant, and neglect was present in his failure to respond to this Court's order, no facts have been presented which could lead to the conclusion that such neglect was excusable. Accordingly, relief is not warranted under this subsection.

The only remaining subsection of Rule 60 that could conceivably be applied to the instant Motion is subsection (b)(6).   That section is a 'catchall' that allows a Court to grant relief in "extraordinary circumstances."   However, if relief is sought under one of the other subsections of Rule 60(b), it is not appropriate under the 'catchall.'   While the Plaintiff does not identify which portion of the Rule he seeks relief under, it is clear that he is attempting to demonstrate neglect.   For that reason, relief under Rule 60(b)(6) is unavailable.

It should be noted that relief under any subsection of Rule 60(b) is available only if the request for relief is made within a reasonable time. In this matter, judgment was entered against the Plaintiff in part due to the fact that he failed to respond to the Court's Order to Show Cause. After such judgment, the Plaintiff waited nearly a month to seek relief, citing what amounts to an "excusable neglect" argument. He does not attempt to give any explanation for his failure to raise the issue until nearly a month after judgment had been entered against him. In light of the Plaintiff's history of failures to respond to pleadings and orders in this matter, the passage of nearly a month before seeking relief cannot be said to be reasonable. Stated differently, if the Plaintiff wished to gain relief for his past delays and negligence, he should have done so quickly.

It should be noted that the Plaintiff seeks to raise the issue of the propriety of the Court's decision to dismiss the action with prejudice. Clearly, that is an issue that should be raised on a timely appeal. The Plaintiff additionally cites to a case which indicates that in dismissing with prejudice, the Court should consider 1.) whether the party engaged in a clear pattern of delay or willful contempt, and 2.) whether the Court decided that lesser sanctions would not suffice. Collins v. Lake Helen, P.A., 249 F.Appx. 116 (11th Cir. 2007). The issue of delay is clear – as the Defendant pointed out in its Motion to Quash Alias Summons and to Dismiss, as of April 28, 2008 the Plaintiff had had 194 days to serve the additional party, but failed to do so. Moreover, willful contempt is likewise demonstrated. The Plaintiff simply failed to provide *any* response to the Court's Order to Show Cause why the case should not be dismissed. In addition, the prejudice which had already been suffered by the Defendant had been

well-demonstrated to the Court by that point in time, so lesser sanctions simply would not have sufficed. As was made clear by the Defendant, at the time the Plaintiff was permitted to add an additional party the Defendant had already begun preparing for trial, had already drafted a substantial motion for summary judgment that would require re-drafting, had already drafted jury instructions, and had already begun to draft witness outlines. Subsequent to that the Plaintiff delayed the case for over 190 additional days, and ignored a Court's Order inquiring as to the reason for the delay. Under such circumstances, the Court was certainly within its discretion to determine that lesser sanctions would not remedy the situation.

Finally, it should be noted that the instant dismissal does not leave the Plaintiff without a remedy in this matter. The Plaintiff sought leave to amend his pleadings to add an additional party that he believes is at least partially responsible for the issues that he has identified. Because he has never served that party with the latest pleading, he is not barred from seeking relief from that party.

For the forgoing reasons, the Plaintiff's Motion is untimely under Rule 59(e), and insufficient under Rule 60(b). Accordingly, the Motion should be stricken to the extent that relief is sought under Rule 59(e), and denied to the extent that relief is sought under 60(b).

Respectfully submitted this ~~8th~~ 3rd day of ~~May,~~ June,
2008.

/s  Daniel Guarnieri
F. Steven Herb, Fla. Bar. No.: 229717
Nelson Hesse, LLP
2070 Ringling Blvd.
Sarasota, FL 34237
941-366-7550 Telephone
941-955-3708 Fax
Attorney for Defendant Rampage
Sport Fishing Yachts

## CERTIFICATE OF SERVICE

 I HEREBY CERTIFY that on June 3, 2008 a true and correct copy of the foregoing was

e-filed with the District Court using the CM/ECF system which will send a notice of

electronic filing.

John Newberry
Kahn & Associates, LLC
55 Public Square, Suite 650
Cleveland, OH  44113

D. Rand Peacock, Esquire
Kahn & Associates, LLC
8270 Woodland Center Blvd.
Tampa, FL  33614 and

/s  Daniel Guarnieri