IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PATRICK CUNNINGHAM,

    Plaintiff,

vs.                                      CASE NO.: 4:06cv563-SPM/WCS

RAMPAGE SPORT FISHING
YACHTS,

    Defendant.

_____/

## ORDER GRANTING LIMITED RELIEF FROM JUDGMENT

THIS CAUSE comes before the Court on Plaintiff's motions for reconsideration and relief from judgment. Docs. 100 and 112. For the following reasons, the motions will be granted, but relief is limited to ordering the dismissal of this case "without prejudice" instead of "with prejudice."

    1.    To the extent Plaintiff is seeking relief under Rule 59(e), the motion is untimely because it was filed more than ten days from entry of judgment.

    2.    Under Rule 60(b), attorney error may, but does not always, warrant relief from a judgment that is entered short of full consideration of the merits. Solaroll Shade and Shutter Corp, Inc., v. Bio-Energy Systems, Inc., 803 F.2d 1130, 1132 (11th Cir. 1986); Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115

(11th Cir. 1993). To balance against the public policy in favor of finality, the party seeking relief must show that (1) it has a meritorious claim, (2) lack of prejudice to the non-defaulting party, and (3) a good reason or excuse. <u>Valdez v. Feltman (In re Worldwide Web Systems, Inc.)</u>, 328 F.3d 1291, 1295 (11th Cir. 2003).

    3.    In this case, Plaintiff has offered no good reason or excuse for the failure to prosecute this case. The only reason offered is an "administrative issue" at the attorney's office that is not explained. Doc. 100 at ¶ 5.

    4.    The docket in this case shows a clear pattern of delay.[1] The delay

---

[1] Specifically, Plaintiff filed a second amended complaint (doc. 26) past the March 16, 2007, deadline established by the court (doc. 20). Plaintiff then filed a third amended complaint (doc. 27) on March 27, 2007, without seeking leave of court. Plaintiff never responded to the motions to dismiss the second and third amended complaints. Docs. 28, 30, and 31. Plaintiff failed to respond to discovery requests, requiring a motion to compel, which was granted and required Plaintiff to pay $500.00 to Defendant. Doc. 40. On October 10, 2007, Plaintiff sought leave to add a party beyond the July 30, 2007, deadline with trial scheduled for November 19, 2007. Doc. 21 at ¶ 5.d; docs. 29 and 68. On October 17, 2007, the Court granted the motion for leave to add the party, but was required to continue trial to reduce the potential for prejudice to the existing Defendant. Doc. 77. No new trial date was set. Instead, the Court directed that a new joint scheduling report be filed within thirty days of service on the new party. Doc. 77. Thereafter, Plaintiff engaged in no record activity to further prosecute this case. On April 3, 2008, the Court issued an order for Plaintiff to show cause why the case should not be dismissed with prejudice for failure to prosecute. Plaintiff did not respond. This case was dismissed with prejudice on April 28, 2008, and the clerk entered judgment on April 30, 2008. Plaintiff did not appeal, but instead filed a motion for reconsideration (doc. 100) on May 29, 2008. On December 5, 2008, a different lawyer but from the same firm, Kahn & Associates, L.L.C., filed a second motion seeking reconsideration or relief from judgment. Doc. 112.

CASE NO.: 4:06cv563-SPM/WCS

is not attributable to Plaintiff, however.

5. "[C]ourts are supposed to construe liberally the requirements of Rule 60(b) when reviewing default judgments." Solaroll, 803 F.2d at 1132. "[T]he harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." Betty K. Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1338 (11th Cir. 2005). In this case, there is no indication of misconduct on the part of Plaintiff himself, as opposed to his attorney.

6. Under the circumstances, the Court finds that a lesser sanction of dismissal without prejudice is appropriate. The taxation of costs will remain under Rule 54(d). Anderson v. Christian Hosp. N.E.-N.W., 100 F.R.D. 497, 498 (D.C. Mo. 1984) ("[E]ven though . . . dismissal of plaintiffs' claim was without prejudice and was not a dismissal on the merits, defendants are 'prevailing parties' for purposes of taxing costs."). Defendant's motion for attorney fees (doc. 96) will be denied because an award of fees under Section 768.79, Florida Statutes, cannot be based on a dismissal without prejudice. MX Investments, Inc. v. Crawford, 700 So.2d 640, 642 (Fla. 1997).

Based on the foregoing, it is

ORDERED AND ADJUDGED:

1. Plaintiff's motions for relief from judgment (docs. 100 and 112) are granted.

2. Defendant's motions to strike (doc. 101, 107, and 113) are denied.

3. Defendant's motion for attorneys' fees (doc. 96) is denied.

4. The order and judgment of dismissal (docs. 93 and 94) are vacated.

5. This case is dismissed without prejudice as a sanction for Plaintiff's failure to prosecute.

DONE AND ORDERED this 31st day of March, 2009.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge